ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA  :

       - v. -

WILLIAM McFARLAND,  :

       Defendant.  :

- - - - - - - - - - - - - - - - - - x

INDICTMENT

**18 CRIM 446**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 2 2018

**COUNT ONE**
**(Wire Fraud)**

The Grand Jury charges:

## BACKGROUND

1. At all relevant times, WILLIAM McFARLAND, the defendant, owned and operated a company, based in New York, New York, which purported to be in the business of obtaining, and selling for profit, tickets to various exclusive events including fashion galas, music festivals, and sporting events ("NYC VIP Access").

2. From in or about 2014, up to and including in or about 2017, WILLIAM McFARLAND, the defendant, was the founder and Chief Executive Officer of Magnises, a credit card and private club for millennials that sold tickets to exclusive events.

3. From in or about 2016, up to and including in or about 2017, WILLIAM McFARLAND, the defendant, was the founder and Chief Executive Officer of Fyre Media LLC ("Fyre Media"). In 2016, McFARLAND started Fyre Media to build a digital app that would



JUDGE FURMAN

allow individuals organizing commercial events, such as concerts, to bid for artist and celebrity bookings at such events.

4. In late 2016, WILLIAM McFARLAND, the defendant, established a subsidiary of Fyre Media known as Fyre Festival LLC and began promoting a music festival set to take place over two weekends in April 2016 in the Bahamas (the "Fyre Festival"). McFARLAND promoted the Fyre Festival in part by claiming that it would bring a global audience together to share a life changing experience. Ultimately, the Fyre Festival was widely deemed to have been a failure.

5. On March 6, 2018, WILLIAM McFARLAND, the defendant, pled guilty in the Southern District of New York before the Honorable Naomi Reice Buchwald, United States District Judge, to: (1) wire fraud, in violation of Title 18, United States Code, Section 1343, in connection with a scheme to defraud over 80 investors in Fyre Media and Fyre Festival LLC of over $24 million; and (2) wire fraud, in violation of Title 18, United States Code Section 1343, in connection with a scheme to defraud a ticket vendor for the Fyre Festival of $2 million in losses. McFARLAND was on pretrial release from July 1, 2017, to June 12, 2018.

## THE SCHEME TO DEFRAUD

6. From at least in or about late 2017, up to and including in or about March 2018, WILLIAM McFARLAND, the defendant, while on

pretrial release, perpetrated a scheme to defraud attendees of the Fyre Festival and former Magnises customers, among others, by soliciting them to purchase tickets from NYC VIP Access to exclusive fashion, music and sports events when, in fact, no such tickets existed. NYC VIP Access purported to sell tickets to the following events, among others: the 2018 Met Gala, Burning Man 2018, Coachella 2018, the 2018 Grammy Awards, Super Bowl LII, and a Cleveland Cavaliers game and team dinner with Lebron James.

7.  WILLIAM McFARLAND, the defendant, took numerous steps to make NYC VIP Access appear as it if were controlled and operated by other individuals. These efforts included, among others, the following:

   a.  In order to hide his affiliation with NYC VIP Access, McFARLAND used email accounts in the name of a then-employee ("Employee-1") and a fake employee ("Fake Employee") of NYC VIP Access. McFARLAND did so in order to provide the appearance that Employee-1 and the Fake Employee were responsible for communicating with customers by email when, in truth and in fact, McFARLAND regularly used email accounts of Employee-1 and the Fake Employee to communicate with customers. McFARLAND did not have an email account in his own name at NYC VIP Access. Neither Employee-1 nor the Fake Employee communicated with customers by email.

b. At the direction of McFARLAND, Employee-1 met with and called customers to solicit them to purchase tickets for events. McFARLAND did not meet or speak with customers.

c. McFARLAND provided prospective customers with contracts that falsely represented that NYC VIP Access had tickets to exclusive events in fashion, music, and sports. In order to distance himself from the operation, McFARLAND directed that Employee-1 sign the contracts between NYC VIP Access and the customers. After McFARLAND induced customers to wire money to pay for the tickets, McFARLAND either did not provide tickets at all, or did not provide tickets as advertised.

d. McFARLAND set up an account with a payment processor ("Payment Processor-1") in Employee-1's name, and arranged for customer payments made by wire transfer or through Payment Processor-1 to be deposited into Employee-1's bank account (the "Employee-1 Bank Account"), to which McFARLAND had access and control.

e. McFARLAND instructed and caused ticket sale proceeds to be sent to the Employee-1 Bank Account and the bank account of McFARLAND's driver (the "Driver"), as well as mobile payment service accounts belonging to other NYC VIP Access employees, for the purpose of concealing his ownership and control of the funds. Employee-1, the Driver and other employees then

provided the ticket sale proceeds to McFARLAND in cash.

8. Through this scheme, WILLIAM McFARLAND, the defendant, caused losses to at least fifteen victim-customers totaling at least approximately $100,000.

## STATUTORY ALLEGATIONS

9. From at least in or about late 2017, up to and including at least in or about March 2018, in the Southern District of New York and elsewhere, WILLIAM McFARLAND, the defendant, while on pretrial release, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, McFARLAND engaged in a sham ticket-selling business for exclusive events through NYC VIP Access, a company controlled and operated by McFARLAND, by, among other things, making false representations that NYC VIP Access had tickets for sale to special events in fashion, music and sports, and, in connection therewith and in furtherance thereof, McFARLAND caused wire communications and wire transfers of funds to be sent in interstate commerce.

(Title 18, United States Code, Sections 1343, 3147 and 2.)

## COUNT TWO
### (Money Laundering)

The Grand Jury further charges:

10. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

11. From at least in or about late 2017, up to and including at least in or about March 2018, in the Southern District of New York and elsewhere, WILLIAM McFARLAND, the defendant, while on pretrial release, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, proceeds of the wire fraud offense charged in Count One of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified

unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 3147 and 2.)

## COUNT THREE
### (Bank Fraud)

The Grand Jury further charges:

12. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

13. In or about March 2018, in the Southern District of New York and elsewhere, WILLIAM McFARLAND, the defendant, while on pretrial release, willfully and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation (the "FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, McFARLAND provided a forged check in the name of Employee-1 to the Driver, which the Driver attempted to deposit into the Driver's bank account and would have resulted in the unauthorized withdrawal of funds from the Employee-1 Bank Account.

(Title 18, United States Code, Sections 1344, 3147 and 2.)

7

## COUNT FOUR
## (Aggravated Identity Theft)

The Grand Jury further charges:

14. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

15. In or about March 2018, in the Southern District of New York and elsewhere, WILLIAM McFARLAND, the defendant, while on pretrial release, willfully and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit, McFARLAND transferred, possessed, and used the name and bank account number of another person (Employee-1) in order to commit bank fraud, as charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 1028A, 3147 and 2.)

## COUNT FIVE
## (Obstruction of Justice)

The Grand Jury further charges:

16. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

17. From in or about May 2018, up to and including in or about June 2018, within the Southern District of New York and elsewhere, WILLIAM McFARLAND, the defendant, while on pretrial release, would and did knowingly and intentionally use

8

intimidation, threaten, and corruptly persuade another person, and attempt to do so, and engage in misleading conduct toward another person, with intent to hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, to wit, McFARLAND instructed at least two individuals not to answer questions of Federal Bureau of Investigation ("FBI") agents who were investigating McFARLAND, and to falsely tell FBI agents that they had counsel when, in truth and fact, they did not, in an attempt to prevent FBI agents from questioning them.

(Title 18, United States Code, Section 1512(b)(3) and 3147.)

## FORFEITURE ALLEGATIONS

18. As a result of committing the offense alleged in Count One of this Indictment, WILLIAM McFARLAND, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

19. As a result of committing the offense alleged in Count Two of this Indictment, WILLIAM McFARLAND, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

(Title 18, United States Code, Section 982; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

20. As a result of committing the offense alleged in Count Three of this Indictment, WILLIAM McFARLAND, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Assets Provision

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due

diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA

- v. -

WILLIAM McFARLAND,

Defendant.

### INDICTMENT

18 Cr.

(18 U.S.C. §§ 1028A, 1343, 1344, 1512(b)(3), 1956(h), 3147 and 2.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

6/22/18 - Filed Indictment
         Case assigned to J Furman
              J Potnan
              (sma)