

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 26, 2018

**By ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse, Room 1105
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *William McFarland*
            18 Cr. 446 (JMF)

Dear Judge Furman:

      The Government respectfully writes to request that the Court order the defendant to submit a financial affidavit to the Court sufficiently in advance of Thursday's conference in the above-captioned matter so that the Court may engage in an inquiry as to whether the defendant qualifies for fully taxpayer-funded counsel at Thursday's conference.  The Government makes this request in response to today's letter from Mr. Jackson requesting that the Court schedule the appearance of CJA counsel for potential appointment on Thursday.

      On or about July 1, 2017, the defendant was arrested and presented in the United States Magistrate Court for the Southern District of New York on the case that was later assigned to Judge Buchwald in Indictment No. S1 Cr. 600 (NRB) (the "First Case").  At that time, the defendant completed a financial affidavit, which the Government did not see and has not seen, in which he alleged that he qualified for taxpayer-funded counsel.  The Federal Defenders of New York were then appointed to temporarily represent the defendant for his presentment only, as the Federal Defenders of New York were conflicted from representing the defendant beyond the presentment.  Subsequently, Mr. Jackson of Boies Schiller Flexner LLP has represented the defendant in the First Case.

      In the Probation Office's Final Presentence Report ("PSR") in the First Case, dated May 25, 2018, the defendant reported that from December 2017 to the present, the defendant was self-employed and earning a gross monthly income of $40,000.  (PSR ¶ 75.)  The defendant stated that "he currently sporadically consults for several hip-hop music artists, as well as provides technological assistance for several clients.  He reportedly assists artists with obtaining bookings for concerts and events, and helps other clients with web development/digital applications.  The defendant explained that he has done similar work in some capacity over the last four years….When questioned, [the defendant] reported these dealings are usually informal and he receives his compensation in cash." (*Id.*)  The defendant did not report to the Probation Office

Hon. Jesse M. Furman
June 26, 2018
Page 2

his work with NYC VIP Access or in ticket sales, as alleged in the Indictment No. 18 Cr. 446 (JMF).

The defendant, through defense counsel, submitted a financial affidavit following the presentence interview on April 5, 2018 to the Probation Office, which listed the following information. The defendant reported a total of $1,864,000 in assets: $250,000 in a Shelby Financial – First Western Trust bank account; $240,000 in a Hughes Hubbard escrow account; $50,000 cash; $1,250,000 in art; $5,000 in wine; $69,000 in vehicles (jet skis, ATVs, Polaris).[1] (*Id.* ¶ 80.) The defendant listed $1,040,000 in credit card debt as his liabilities, leaving a total net worth of $824,000.[2] (*Id.*) The defendant stated that he had $11,000 in net monthly income (despite grossing $40,000 in cash monthly from his freelance and consulting projects, the defendant claimed to receive $11,000 net monthly income due to expenses of materials, network/technical costs, transportation and payments to other individuals who assist with his projects), and $2,150 in total monthly expenses (consisting of groceries and supplies, health insurance and transportation), leaving him with a total monthly cash flow of $8,850. (*Id.* ¶¶ 80, 81.) The defendant did not supply tax returns after 2015. (*Id.* ¶ 83.)

As the Court knows, on June 12, 2018, the defendant was arrested on new wire fraud and money laundering charges in connection with the case before this Court (the "Instant Case"). The defendant was interviewed by his Pretrial Services officer, Tiffany Francis, in the presence of his attorney, and prepared a memorandum dated June 18, 2018 for Judge Buchwald (the "Pretrial Memorandum"). According to Officer Francis, the information that the defendant provided remained consistent with what he had previously said during the period of his supervision, with the exception of his employment and financial information. (*Pretrial Mem.* 1-2.) As recently as June 11, 2018, when the defendant met with Officer Francis, the defendant noted that he was still employed with Fyre Media, but in a different capacity, and began getting paid in the beginning of 2018. (*Id.*) During the interview on June 12, 2018, the defendant advised he has not worked for Fyre Media since May 2017, and has instead been managing artists since June 2017. (*Id.*) Officer Francis requested financial documents from the defendant for verification purposes, including tax return information, but the defendant did not provide any such documentation. (*Id.* 2.) The defendant denied owning any vehicles and noted he had

---

[1] During the course of discussions regarding the forfeiture of the defendant's assets described in the PSR, on June 6, 2018, Mr. Jackson represented to the Government that while the defendant was willing to forfeit his interest in the First Western Trust bank account and the Hughes Hubbard escrow account in the First Case, his interest in the accounts may be subject to civil litigation. Mr. Jackson further stated that he would need to determine the precise amount of the defendant's cash. Although a consent order of forfeiture was entered in the First Case, at the present time, the assets described in the PSR are not listed as specific property in any forfeiture order. The Government intends to seek the forfeiture of these assets.

[2] According to the Equifax Credit report, dated April 4, 2018, the defendant has an active credit card account with a balance of $35,409, a charged-off auto loan totaling $31,449, four charged-off credit card accounts totaling $494,780, and a cellular account in collections totaling $2,056. (PSR ¶ 82.)

Hon. Jesse M. Furman
June 26, 2018
Page 3

approximately $250,000 in credit card debt, which he reported in his initial bail interview in 2017. (*Id.*) The defendant was unable to recall how much income he brought in monthly. (*Id.*)

The defendant currently retains counsel, Tallen Todorovich, Esq., in a SEC proceeding involving fraud on Fyre investors related to the First Case. Mr. Todorovich has been the defendant's counsel in the SEC proceeding since April 11, 2018. The defendant also currently retains Mr. Todorovich to represent him in the related bankruptcy case in the United States Bankruptcy Court in the Southern District of New York. *See In re Fyre Festival LLC,* 17-11883-mg (the "Bankruptcy Case"). In a June 22, 2018 motion to withdraw as the defendant's counsel in the Bankruptcy Case, Mr. Todorovich noted that the defendant had "solely agreed to pay any and all legal bills associated with this matter," and that the defendant had "previously agreed, prior to his second arrest [in the Instant Case], to inject capital into Fyre Festival LLC in order to pay the legal bills" in the Bankruptcy Case. The defendant "has indicated that any and all funds he once had available to pay [Mr. Todorovich]…are either frozen or no longer available due to his second arrest" [in the Instant Case]. *See id.*, Doc. 51. No action has been taken on Mr. Todorovich's motion to withdraw in the Bankruptcy Case. The Government has not frozen any of the defendant's accounts, and has not yet seized any of his assets since the defendant's June 12, 2018 arrest.

Given the defendant's retention of counsel in the First Case, the SEC proceeding, and the Bankruptcy Case, as well as the defendant's reporting of significant assets to the Probation Office as of a month ago, the Government believes that the defendant may not qualify for Criminal Justice Act counsel. The Government accordingly respectfully requests the Court order the defendant to submit a financial affidavit sufficiently before Thursday's conference so that the Court may inquire as to the propriety of appointing counsel for the defendant in the Instant Case. *See* 18 U.S.C. § 3006A(c) ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment . . . , as the interests of justice may dictate."); *see also United States* v. *O'Neil*, 118 F.3d 65, 74 (2d Cir.1997) ("the burden is on the defendant to show that he is unable to afford representation"); *United States* v. *Parker*, 439 F.3d 81, 96 (2d Cir. 2006) ("'It is the responsibility of the defendant to provide the court with sufficient and accurate information upon

Hon. Jesse M. Furman
June 26, 2018
Page 4

which the court can make an eligibility determination.'" (quoting *United States* v. *Anderson*, 400 F.Supp.2d 32, 35 (D.D.C. 2005))).

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    <u>s/ Kristy J. Greenberg</u>
        Kristy J. Greenberg
        Assistant United States Attorney
        (212) 637-2469

cc:    (by ECF)

       All Counsel of Record